UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.

BRANDON WEITZ, individually and on behalf
of all others similarly situated,

     **CLASS ACTION**

   Plaintiff,

     **JURY TRIAL DEMANDED**

vs.

GENTING NEW YORK LLC d/b/a RESORTS
WORLD BIMINI,

   Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiff Brandon Weitz brings this class action against Defendant Genting New York LLC,

d/b/a Resorts World Bimini and alleges as follows upon personal knowledge as to Plaintiff and

Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including

investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1.     This is a class action under the Florida Telephone Solicitation Act ("FTSA"), Fla.

Stat. § 501.059, as amended by Senate Bill No. 1120.[1]

2.     Defendant is a luxury resort and hospitality company that offers high end vacation

packages including but not limited to gambling, food, and beverages to consumers.

3.     To promote its goods and services, Defendant engages in telephonic sales calls to

consumers without having secured prior express written consent as required by the FTSA.

---

[1] The amendment to the FTSA became effective on July 1, 2021.

4. Defendant's telephonic sales calls have caused Plaintiff and the Class members harm, including violations of their statutory rights, statutory damages, annoyance, nuisance, and invasion of their privacy.

5. Through this action, Plaintiff seeks an injunction and statutory damages on behalf of himself and the Class members, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

## PARTIES

6. Plaintiff is, and at all times relevant hereto was, an individual and a "called party" as defined by Fla. Stat. § 501.059(1)(a) in that he was the regular user of telephone number 954-***-8013 (the "8013 Number") that received Defendant's telephonic sales calls.

7. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Miami-Dade County, Florida.

8. Defendant is, and at all times relevant hereto was, a Delaware limited liability company and a "telephone solicitor" as defined by Fla. Stat. § 501.059(f). Defendant directs, markets, and provides business activities throughout the State of Florida.

## JURISDICTION AND VENUE

9. Defendant removed this case to federal court. Jurisdiction is proper under 28 U.S.C. § 1332 as the amount in controversy exceeds the sum of $75,000. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the FTSA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action

Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

10.     Defendant is subject to specific personal jurisdiction in Florida because this suit arises out of and relates to Defendant's significant contacts with this State. Defendant initiated and directed, or caused to be initiated and directed, calls into Florida in violation of the FTSA. Specifically, Defendant initiated and directed, or caused to be initiated and directed, the transmission of calls into Florida. Plaintiff's claims for violation of the FTSA against Defendant, and the resulting injuries caused to Plaintiff by Defendant's calls, which includes the invasion of Plaintiff's privacy, arose in substantial part from Defendant's direction of those messages into Florida.

11.     Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the Court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction.  Further, Defendant's tortious conduct against Plaintiff occurred within the this judicial district and, on information and belief, Defendant has sent the same messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the State of Florida.

## FACTS

12.     On or about August 1, 2022, Defendant sent the following telephonic sales call to Plaintiff's cellular telephone number:



13.     The text message Plaintiff received originated from telephone number 81452, a number which upon information and belief is owned and operated by Defendant or on behalf of Defendant.

14.     As demonstrated by the above screenshot, the purpose of Defendant's telephonic sales call was to solicit the sale of consumer goods and/or services. Indeed, it is the purpose and not just the content of the message that controls the analysis. Defendant's text message to Plaintiff advertised show tickets, round-trip transportation, and hotel stays. Defendant's website promotes

additional goods and services that Defendant's text message was ultimately intended to advertise, including food and alcohol and spa and wellness products and services.[2]

15.     Upon information and belief, Defendant caused similar telephonic sales calls to be sent to other individuals residing in Florida.

16.     Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members.

17.     Plaintiff is the regular user of the telephone number that received the above telephonic sales call.

18.     The number used by Defendant to transmit the subject text message solicitations (81452) is known as a "short code." Short codes are short digit sequences, shorter than telephone numbers, that are used to address messages in the Multimedia Messages System and short message service systems of mobile network operators.

19.     Text Messages utilizing a short code can only be sent utilizing automated computer equipment and not a traditional telephone.

20.     The short code utilized by Defendant to send the messages is not capable of receiving calls and does not connect the call recipient, upon calling such number, to Defendant.

21.     Defendant's text messages do not include any other telephone number or call-back number.

22.     To send the text messages, Defendant used a messaging platform (the "Platform"), which permitted Defendant to transmit blasts of text messages automatically and without any

---

[2] https://rwbimini.com/dining/; https://rwbimini.com/spa/.

human involvement. The Platform automatically made a series of calls to Plaintiff's and the Class members' stored telephone numbers with no human involvement after the series of calls were initiated utilizing the Platform.

23.     Defendant was not required to and did not need to utilize the Platform to send messages to Plaintiff and the Class members. Instead, Defendant opted to use the Platform to maximize the reach of its text message advertisements at a nominal cost to Defendant.

24.     Defendant would be able to conduct its business operations without sending automated text messages to consumers.

25.     Defendant would be able to send automated text messages to consumers, and in compliance with the FTSA, by securing the proper consent from consumers prior to sending text messages.

26.     Defendant would be able to send text messages to consumers without consent by utilizing a non-automated text messaging system.

27.     Accordingly, it is not impossible for Defendant to comply with the FTSA in the context of transmitting text messages.

28.     The burden and cost to Defendant of securing consent from consumers that complies with the FTSA is nominal.

29.     Compliance with the FTSA will not result in Defendant having to cease its business operations.

30.     Compliance with the FTSA will not result in Defendant having the alter the prices of any goods or services it provides in the marketplace.

31.     Compliance with the FTSA will not force Defendant to seek regulatory approval from the State of Florida before undertaking any type of commercial transaction.

32.     The Platform has the capacity to select and dial numbers automatically from a list of numbers, which was in fact utilized by Defendant.

33.     The Platform has the capacity to schedule the time and date for future transmission of text messages, which was in fact utilized by Defendant.

34.     The Platform also has an auto-reply function that results in the automatic transmission of text messages.

35.     Plaintiff never provided Defendant with express written consent authorizing Defendant to transmit telephonic sales calls to Plaintiff's cellular telephone number utilizing an automated system for the selection or dialing of telephone numbers.

36.     More specifically, Plaintiffs never signed any type of authorization permitting or allowing the placement of a telephonic sales call by text message using an automated system for the selection and dialing of telephone numbers.

37.     Defendant's telephonic sales calls caused Plaintiff and the Class members harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance.

## CLASS ALLEGATIONS

### PROPOSED CLASS

38.     Plaintiff brings this lawsuit as a class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3).  The "Class" that Plaintiff seeks to represent is defined as:

> **No Consent Class: All persons in Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff within the time period from July 1, 2021 through May 25, 2023.**
>
> **Caller ID Class: All persons in Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services,**

**(2) which did not contain originating telephone number from which the telephonic sales call was sent, and (3) which did not contain Defendant's customer service telephone number that could be answered during regular business hours within the time period from July 1, 2021 through May 25, 2023.**

39.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the exact number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

40.     Upon information and belief, Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of consumers listed throughout Florida without their prior express written consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

41.     The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

42.     There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant initiated telephonic sales calls to Plaintiff and the Class members; [2] Whether Defendant can meet its burden of showing that it had prior express written consent to make such calls; [3] Whether Defendant can show that it complied with the seller-id provisions of the FTSA; and [3] Whether Defendant is liable for damages, and the amount of such damages.

43.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits telephonic sales calls without prior express written consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

44.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

45.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

46.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

47.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another

may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
## VIOLATION OF FLA. STAT. § 501.059
### (On Behalf of Plaintiff and the No Consent Class)

48.     Plaintiff re-alleges and incorporates paragraphs 1-47 as if fully set forth herein.

49.     "[T]he FTSA, like its federal counterpart the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, is a consumer protection statute, and because it is 'remedial in nature, it should be construed liberally in favor of consumers.'" *See Soto Leigue v. Everglades College, Inc.*, 2022 WL 11770137 at *4 (S.D. Fla. October 20, 2022).

50.     It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

51.     A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(g).

52.     "Prior express written consent" means an agreement in writing that:

1.  Bears the signature of the called party;

2.  Clearly authorizes the person making or allowing the placement of a telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a prerecorded voicemail;

10

3. Includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and

4. Includes a clear and conspicuous disclosure informing the called party that:

   a. By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and

   b. He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

Fla. Stat. § 501.059(1)(g).

53.    Defendant failed to secure prior express written consent from Plaintiff and the Class members.

54.    In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

55.    Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

56.    As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation.  Plaintiff and the Class members are also entitled to an injunction against future calls. *Id*.

**COUNT II**
**VIOLATION OF FLA. STAT. § 501.059(8)**
**(On Behalf of Plaintiff and the Caller ID Class)**

57. Plaintiff re-alleges and incorporates paragraphs 1-47 as if fully set forth herein.

58. Under the FTSA, "[i]t shall be unlawful for any person who makes a telephonic sales call or causes a telephonic sales call to be made to fail to transmit or cause not to be transmitted the originating telephone number and, when made available by the telephone solicitor's carrier, the name of the telephone solicitor to any caller identification service in use by a recipient of a telephonic sales call. However, it is not a violation to substitute, for the name and telephone number used in or billed for making the call, the name of the seller on behalf of which a telephonic sales call is placed and the seller's customer service telephone number, which is answered during regular business hours." Fla. Stat. § 501.059(8)(b).

59. Here, Defendant transmitted the text message at issue using a short-code number, 81452, which cannot receive incoming calls and concealed the originating telephone number from Plaintiff and the Class members.

60. In addition, Defendant failed to provide Plaintiff and the Class member with Defendant's customer service telephone number, which could be answered during regular business hours.

61. Accordingly, Defendant's text messages to Plaintiff and the Class members violated section 501.059(8)(b) of the FTSA.

62. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation of § 501.059(8)(b). Plaintiff and the Class members are also entitled to an injunction against future calls.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Class;

c) An order declaring that Defendant's actions, as set out above, violate the FTSA;

d) An injunction requiring Defendant to cease all telephonic sales calls made without express written consent, and to otherwise protect the interests of the Class;

e) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the communications or transmittal of the calls as alleged herein.

Dated: September 21, 2023

Respectfully Submitted,

**SHAMIS & GENTILE P.A.**

*/s/ Andrew Shamis*
Andrew J. Shamis, Esq.
Florida Bar No. 101754
ashamis@shamisgentile.com
Garrett O. Berg, Esq.
Florida Bar No. 1000427
gberg@shamisgentile.com
14 NE 1st Ave., Suite 705

**EDELSBERG LAW, P.A.**

*/s/ Chris Gold*
Chris Gold, Esq.
Florida Bar No. 088733
Scott Edelsberg, Esq.
Florida Bar No. 0100537
chris@edelsberglaw.com
scott@edelsberglaw.com
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Office: (786) 289-9471
Direct: (305) 975-3320
Fax: (786) 623-0915

Miami, Florida 33132
Telephone: 305-479-2299


*Counsel for Plaintiff and the Class.*